## JOHN JACOB ASTOR, RAMSAY CROOKS AND ROBERT STUART
### *versus* LOUIS CAMPAU, JR.

October 15, 1824

William Woodbridge, attorney for plaintiff.
John L. Leib, attorney for defendant.

### [OPINION]

On Motion to quash the writ for the following causes, to wit—

1st That the writ is not tested in the name of the Presiding Judge—

2d That on the day the writ bears date and issued there was no Judge of the Ter$^y$ of Michigan.

and 3d That the Clerk of the Court, was not warranted in making use of the seal of the Court, by applying it to the writ, on the day the writ issued— The facts of the Case are these—

By the Law of Congress of the 3d of March 1823, the offices of the Judges of the Ter$^y$ of Michigan expired on the 1$^t$ of February 1824 — On the 21st of January 1824, the President with the advice and consent of the Senate, appointed and commissioned James Witherell, Sol Sibley and John Hunt Judges in and over the Territory of Michigan, which Commission is to take effect on the first day of Feb$^y$ 1824 —

The Judges named in the Commission, were qualified by oath before the gov$^r$ on the 3d of March 1824  The Commission is joint and James Witherell is first named —

The writ in question bears date Feb^y 27th 1824 and was served the same day — And is tested in the name of James Witherell The Seal of the Supreme Court is affixed and the Clerk signs it — The seal was affixed by the Clerk without any direction from Judge Witherell —

Upon the point first made — I do not think it necessary that it should appear on the face of the writ, that James Witherell, was the presiding Judge — If it is proved that James Witherell was at the time presiding Judge, it answers the requisition of the law —

The Commission being a joint one and James Witherell being first named therein, the Plaintiff was authorised to Consider him presiding Judge, until it should be otherwise ordered by the Judges themselves — I admit the full force of the Pltffs Counsels reasoning on this point, and am satisfied that his conclusions are Correct — That objection cannot therefore prevail —

The second objection goes to the Authority of the Judges — It is contended that the Judges, Can do no act under their appointment until qualified by oath pursuant to the 4th Section of the act of Congress of the first of June 1789. (Vol. 2. pa 2) — And in as much as the writ bears date at a day before the Judges were qualified it is therefore void — The Pltffs Counsel on the Contrary Contends that James Witherell became a Judge, on the first day of February 1824 — That all acts done by him or supposed to be done by him, as a Judge of the Territory after the 1st of Feb^y 1824 and before the 3^d of March 1824 the day on which he was qualified, were and are good & valid in reference to third persons — The Act must stand well and the judge incurs the penalty of the Law, for assuming on himself to act before he was qualified in pursuance to the requisition of the Act of Congress.

In support of this proposition several authorities have been read, both from abroad and from N York — I have perused the Authority Cited at the Bar — The Cases relate to executive officers and their acts, or to Corporation officers, who had been elected under Charters, and are bottomed on the fact that the interest and rights of third persons had been attained, acquired or varied by the acts done — In such Cases Courts have Considered the Acts well done, so far as to protect such rights acquired or attained — so far as the authorities go I think they are correct, and I trust this Court would under like circumstances, support the acts of an officer de facto —

The Legal presumption is, that every person, who undertakes to discharge the duties of an office is qualified to discharge such duties — Under such presumption, individuals and strangers, are not required to look into the fact of qualification —

But the present Case does not come within the reasons of the authority Cited —

It is not pretended that Judge Witherell did or authorised to be done in his name the Act on which the question rests — Nor is it the fact that the

rights of third persons, have been varied or that they will be compromitted or altered, by any Act done — The remedy of the Pltff is only affected —

The defendant complains to the Court that his personal liberty has been illegally interfered with under Colour of the authority of this Court, and applies for redress — He applies at the earliest day in his power for redress, and must receive it if he makes out his Case —

The question made under the 2$^d$ Exception to the writ, brings up the point, at what time did James Witherell under his Commission of the 21 of Jan$^y$ become a Judge of the Territory. So far as the Government is Concerned, he became a Judge on the 1st of Feb$^y$ 1824 — But by the Act of Congress, the appointment was Conditional and required an Act to be done by himself, to render the appointment absolute — this Act to be done by him was the acceptance of the appointment, and which could not be effectively made by any act less than an actual qualification to discharge the duties of the office —

Had Judge Witherell declined the office, and another person have been appointed to the vacancy, it would not have been on the ground of his resignation — It would have been on the principle that the office was vacant by his nonacceptance —

I am therefore of the opinion that Judge Witherell, could not do any Legal Act as a Judge of the Territory between the first day of Feb$^y$ and the 3$^d$ of March 1824. — the day of his acceptance and qualification —

The 3$^d$ exception was to the authority of the Clk to issue the writ, under the Circumstances and at the time the writ issued — It is contended by the Pltfs Counsel that the issuing a writ by the Clerk is of Course and a Mere Ministerial Act, and as Judge Witherell was in fact a Judge on the 1st of Feb$^y$ 1824 by appointment, and having qualified himself after the writ issued He was at the time the writ issued a Judge so far as to legalise the the Test.

This part of the question involves some dificulties To suppose that an officer of the Court, who in Contemplation of law acts under their authority and duties, should be able to do an act in the name of a Judge which the Judge is not authorised himself to do or direct to be done would appear to involve an absurdity —

The act of the Territory authorises the Court to appoint their Clk — When appointed the same act requires him to qualify before he acts — When qualified altho appointed by the Court he becomes an officer under the Law, and bound to perform those duties prescribed by Law —

One of his duties under the law is to issue a writ on a precipie being filed in his office — in the discharge of this part of his Legal duty, neither the Court nor any Judge thereof have any power or authority to interfere — The writ issues on the Clerks legal responsibility —

If the writ, on its being before the Court, has been issued Contrary to Law, or is otherwise defective the Court may quash it or set it aside —

The Clerk of the Court was duly appointed previous to the 1st of Feb.y 1824, and was not affected by the act of Congress of the 3d of March 1823.

Therefore at the time the writ issued the Clerk was an existing legal officer of the Supreme Court of the Territory, Capable of acting in the line of his duty, so far as the actual aid of the Judge or Judges of the Court were not required to give efficacy to said Acts —

If I am Correct in this view of the Case, and that the Clerk acted under the law, and independent of Judge Witherell, the Test leaves a mere matter of form — And as he was potentially a Judge at the time, and by his acceptance the appointment became absolute, that for the purpose of the writ, it may refer to the first of Feb.y 1824 — and therby the writ stood good and effective in Law — I incline strongly to Construe the act of the Territory so as to support the writ — I think that such a Construction may be given to the Law, and to protect the official Acts of the Clk between the 1st of Feb.y and the 3d of March 1824, it appears necessary and proper to give this Construction to the Act.

My opinion therefore is that the deft take Nothing by his Motion —